IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA THIBODEAUX<br><br>Plaintiff,<br><br>v.<br><br>LAKE CHARLES MEMORIAL HOSPTIAL<br><br>Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Pamela Thibodeaux ("Thibodeaux"), a qualified individual with a disability, who was adversely affect by such practices. Plaintiff, Pamela Thibodeaux ("Thibodeaux"), alleges that Defendant, Lake Charles Memorial Hospital, (hereinafter referred to as "LCMH"), violated the ADA by failing to provide reasonable accommodations which would permit Thibodeaux to perform her job and by terminating her employment because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana.

## PARTIES AND OTHER PERSONS

3. Plaintiff, Pamela Thibodeaux, is a person of the full age of majority and a resident of the state of Louisiana.

4. At all relevant times, Lake Charles Memorial Hospital, has continuously been and is now a Louisiana business that operates within the State of Louisiana, including the hospital located at 1701 Oak Park Boulevard Lake Charles, Louisiana 70601. LCMH has continuously been and is now doing business in the State of Louisiana and the City of Lake Charles, and has continuously had at least fifteen (15) employees.

5. At all relevant times, LCMH, has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and (h).

6. At all relevant times, Lake Charles Memorial Hospital has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, LCMH, is a registered business and trade name with the Louisiana Secretary of State office and has continuously been and is now doing business in the State of Louisiana and the City of Lake Charles, and has continuously had at least fifteen (15) employees.

8. At all relevant times, LCMH, has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, LCMH, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Thibodeaux was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

## STATEMENT OF CLAIMS

11. Ms. Thibodeaux received a right to sue letter from the EEOC on September 23, 2017. This lawsuit is filed within 90 days of the right to sue letter.

12. On May 24, 2016 the EEOC issued to LCMH a Letter of Determination finding reasonable cause to believe that the ADA was violated.

13. On May 24, 2016, the EEOC invited LCMH to engage in informal conciliation efforts to eliminate the practices found unlawful and provide appropriate relief.

14. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. LCMH informed the EEOC that it would not comply with the conciliation agreement. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Ms. Thibodeaux broke her leg in an incident at her home. She returned to work part time shortly after the incident. During her treatment, her doctor required her to use crutches to continue working. She was instructed not to place pressure on the foot. Ms. Thibodeaux was unable to place pressure on her foot and to ambulate properly, constituting "disabilities" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

17. As part of her medical treatment, her treating physician required her to use crutches and to refrain from walking or placing pressure on her foot. LCMH forbade her to use the crutches, forbade her to use any accommodations upon her return to work.

18. LCMH admitted it allowed her to return to work while wearing a walking boot. She was not allowed to use crutches due to the "small office and medical spaces in the Hospital as well as the obvious risks of injury to Ms. Thibodeaux, LCMH employees, and patients caused by the presence of crutches."

19. In fact, LCMH employment policies forbade the use of, inclusion of, or offering of any accommodations to injured or disabled employees. LCMH forbid reasonable accommodations to those with physical restrictions, upon information and belief, while other employees worked while using crutches, after Thibodeaux was denied the same reasonable accommodation.

20. At all relevant times, Ms. Thibodeaux could perform the essential functions of a Collector, her job duty with LCMH since 2008, with a reasonable accommodation, crutches, and was a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

21. Ms. Thibodeaux began working for LCMH in Lake Charles, Louisiana in May 2008 and performed her duties successfully, with reasonable accommodations, until May 2013. During those five years, Ms. Thibodeaux performed her job duties without incident or negative reprimands.

22. Despite her previous work history and her doctor's specific orders preventing weight or pressure on her injured leg, LCMH refused Ms. Thibodeaux an accommodation as simple as the use of crutches during her recovery period.

23. As a result of LCMH's intentional, irresponsible, and unlawful refusal of accommodations to Ms. Thibodeaux, she further injured her leg and required surgery; this surgery would have been unnecessary if Ms. Thibodeaux had refrained from placing pressure or weight on her leg.

24. The effect of the practices complained of in Paragraph Nos. 16 - 24 has been to deprive Ms. Thibodeaux of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability in violation of Title I of the ADA, 42 U.S.C. § 12112.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Thibodeaux

PRAYER FOR
RELIEF

Wherefore, the Ms. Thibodeaux respectfully requests that this Court:

A. Grant a permanent injunction enjoining Lake Charles Memorial Hospital, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the

ADA;

  B. Order Lake Charles Memorial Hospital to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Lake Charles Memorial Hospital to make Ms. Thibodeaux whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, providing compensatory damages for the surgery Ms. Thibodeaux was required to undergo as a result of the intentional and unlawful employment practices instituted by Lake Charles Memorial Hospital, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

  D. Order Lake Charles Memorial Hospital to make Ms. Thibodeaux whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

  E. Order Lake Charles Memorial Hospital to make Mr. Reina whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, loss of enjoyment in life and humiliation;

  F. Order Lake Charles Memorial Hospital to pay Ms. Thibodeaux punitive damages for its intentional, malicious and reckless conduct, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the

public interest.

      H.     Award Ms. Thibodeaux its costs of this action.

## JURY TRIAL DEMAND

Ms. Thibodeaux requests a jury trial on all questions of fact raised by her Complaint.

              Respectfully submitted

              /s *David F. Rutledge*
              **DAVID F. RUTLEDGE**, La. Bar #33639
              330 Settlers Trace, Suite A
              Lafayette, Louisiana 70508
              Telephone: (337) 484-1529
              Facsimile: (337) 806-9994
              Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, pursuant to the terms the rules of court and the rules of civil procedure, a true and correct copy of the above and foregoing has been served upon all known counsel of record on this 21st day of December, 2017, through the electronic filing system of this court.

              /s *David F. Rutledge*